GEORGE P. THOMPSON *vs.* SULLIVAN MORSE.

Piscataquis.    Opinion November 7, 1900.

*Sales.    Warranty.    New Trial.*

In an action for breach of warranty of soundness of a horse, it is not necessary that the proof should be in the identical language of the allegation in the declaration.

It is sufficient if it is the same in substance, if it means the same.

*Held;* in this case, that the evidence did tend to support the plaintiff's allegations; and, further, that it was sufficient to justify the verdict for the plaintiff.

A new trial on the ground of newly-discovered evidence will not be granted when it appears that the evidence taken under the motion, so far as it is properly open to consideration, is not newly-discovered; or when the evidence is not properly open to consideration, because it is not stated in the motion itself what is expected to be proved; and, also, because it is nowhere alleged or shown that it was unknown to the moving party at the time of the trial, and could not have been discovered by him by the exercise of reasonable diligence.

ON MOTIONS BY DEFENDANT.

Action for breach of warranty in the sale of a horse by the defendant to the plaintiff.

The case appears in the opinion.

*W. E. Parsons and C. W. Hayes,* for plaintiff.

*J. B. Peaks,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, FOGLER, POWERS, JJ.

SAVAGE, J.    Action for breach of warranty of a horse. The verdict was for the plaintiff. The defendant has filed two motions for a new trial; one on the ground that the verdict was against law and the evidence, and the other based on newly-discovered evidence.

The defendant denies the alleged warranty. He says the horse,

though about six years old, was an unbroken colt, and so known to be by the plaintiff at the time of the trade. Further, the defendant contends that the plaintiff is not entitled to hold his verdict, because he introduced no proof which supported his allegations of warranty. The allegations are that the defendant warranted that the horse was "all right and never did a wrong thing," that the horse was "kind and all right and never did a wrong thing." The plaintiff testified that he told the defendant that he wanted a horse that was perfectly safe for his wife and his boy to drive anywhere, that was "all right and kind and gentle and smooth," and that the defendant then said, "this buckskin" (the horse in question) "filled the bill." To be sure, the defendant claims that this conversation did not relate to the buckskin horse, but to another horse which he was proposing to sell to the plaintiff. Which horse it did refer to was a question of fact for the jury. We are now inquiring only whether the evidence, if true, supported the declaration. We think it did. It tended to support the allegation that the defendant warranted the horse to be "kind and all right." But more than this, the plaintiff testified respecting the warranty as follows: "He," the defendant, "said he hired Lanpher to break this colt. Lanpher took it and drove it all round town, took his wife and baby in and drove anywhere, and he never done a wrong thing, except if they drove up beside of anybody with a team and wanted to stop and talk, it wouldn't stand, that is the only thing the colt ever done; the *colt was perfect*, except it had been turned out to pasture, he says, for the last year, it would be coltish, probably have to have it drove some before your wife can handle it." Besides this, there was the evidence of a third person that the defendant had admitted in his presence that he told the plaintiff that "the horse was kind and gentle, never did a wrong thing." Undoubtedly the proof must support the allegations. Probata secundum allegata. But it has never been held in a case of this kind, and it is not the law, that the proof must be in the identical language of the allegation. It is sufficient if it is the same in substance, if it means the same. To say that a horse is "perfect" must mean that he is, at least, "kind and all right."

Accordingly, we think the plaintiff's evidence did tend to support his allegation, and, if believed, was sufficient to justify a finding that there was a warranty as alleged.

Now to recur to the question of fact. Was there a warranty? The plaintiff affirms it; the defendant denies it. And there is little evidence upon this point outside their respective statements. The jury believed the plaintiff's version, and the defendant fails to make it clear to us that the jury was wrong. This first motion cannot be sustained.

Nor can the defendant be aided by his second motion, based on newly-discovered evidence. In this motion, the defendant alleges that he believes he can prove by Osgood P. Martin that the plaintiff informed Martin that he knew the colt in question was an unbroken colt, and that he was so informed by the defendant when he bought it. He also makes an allegation, similar in substance, as to what he believes he can prove by Walter Kneeland. In his motion the defendant states no other new evidence that he expects to introduce. Martin's testimony fails to support the allegation in the motion. Kneeland's testimony does tend to support it, but Kneeland also testifies that the defendant himself was the one to whom plaintiff admitted that he was told that the colt was not broken. This evidence, therefore, was not newly-discovered. If true, it was known to the defendant at the time of the trial, and should have been used by him then.

If we proceed to consider the other things testified to by the witnesses under this motion, we shall find that the remaining evidence given by Martin relates to a conversation with one of the plaintiff's witnesses, and only tends to discredit him as a witness. This does not afford sufficient ground for a new trial, as was decided in *State* v. *Beal*, 82 Maine, 284. And of the remaining evidence given by Kneeland, it is enough to say that it is purely cumulative.

But, as a matter of practice, it must be said that the other pieces of evidence are not properly open to consideration by us; first because they are not stated in the motion itself, as expected to be proved, *Gilbert* v. *Woodbury*, 22 Maine, 246; *Merrill* v. *Shattuck*, 55 Maine, 374; and also because it is nowhere alleged or shown

that they were unknown to the defendant at the time of the trial, and could not have been discovered by him by the exercise of reasonable diligence. The allegations in the defendant's motion and affidavit relate only to the evidence which we have already considered, that the plaintiff knew the colt was unbroken, and was so informed by the defendant when the trade was made.

.. *Motions overruled.*